

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2009

# USA v. Malverse Giles

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4621

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Malverse Giles" (2009). *2009 Decisions.* Paper 104.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/104

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 08-4621

———

UNITED STATES OF AMERICA

v.

MALVERSE D. GILES,
                                                  Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-07-cr-00192-001)
District Judge: Hon. Sylvia H. Rambo

———

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2009

Before: SLOVITER, JORDAN and WEIS, *Circuit Judges*

(Filed: December 15, 2009)

———

OPINION

———

SLOVITER, *Circuit Judge*.

Appellant Malverse Giles pled guilty, pursuant to a written plea agreement, to distribution and possession with intent to distribute cocaine and 50 grams or more of cocaine base. Giles' counsel filed an *Anders* brief and Giles, as permitted in *Anders* cases, also filed a *pro se* brief.

Under *Anders*, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 741-42, 744 (1967). In an *Anders* case, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000).

In order to fulfill our obligation to decide whether to accept counsel's *Anders* brief and permit counsel to withdraw, we review not only the brief itself but the record on appeal, in particular the colloquy held by the District Court to determine whether the guilty plea was entered knowingly and voluntarily, and whether the defendant's waiver of his right to indictment was knowing and voluntary.

Neither the *Anders* brief nor Giles' *pro se* brief challenges the guilty plea or the conviction. Instead, Giles focuses his challenge to the sentence. We therefore turn to the calculation of Giles' Guideline sentence. Because of the amount of drugs, the offense

2

had a base level of 38 plus two levels for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). The presentence investigation report (PSR) categorized Giles as a career offender and recommended that Giles had a Sentencing Guideline Range of 360 months to life. At the sentencing hearing, the parties stipulated and the Court accepted that the drug weight was appropriate but that the firearm enhancement did not apply. Counsel for Giles objected that his criminal history was over-represented, focusing particularly on the age of his prior conviction. The District Court adopted the PSR but agreed with Giles that his criminal history was overstated and reduced Giles' criminal history from VI to V and declined to assess him as a career offender. The Court also granted the Government's motion for a two-level reduction pursuant to U.S.S.G. § 5K.1.1 for acceptance of responsibility.

Giles argued for a sentence below the Guideline range but the District Court found that Giles' Sentencing Guideline range was 235 to 293 months of imprisonment, and sentenced him to 235 months incarceration, a sentence at the bottom of the Guideline range and a five-year period of supervised release.

Giles argued in the District Court and argues here that his co-conspirators were sentenced to lower jail time, with co-defendant Redd sentenced to 108 months and co-defendant Thomas sentenced to 139 months. However, it is evident that their criminal histories were far different from that of Giles. Redd had no prior criminal record and therefore was in a criminal history category of I and Thomas had a criminal history

3

category of III but cooperated with the Government from the day of his arrest and even to the sentencing proceeding against Giles.  In light of the significant difference in their prior criminal record, the District Court neither erred nor abused its discretion in sentencing Giles to a longer term of imprisonment.  Nothing in § 3553 precludes the Court from taking the differences between defendants into consideration.  The District Court explained its sentence and application of § 3553 on the record.

Much of Giles' *pro se* brief is really directed to claims of ineffective assistance of counsel.  Such claims cannot be heard on direct appeal but must be raised, if at all, on a collateral attack.  Finding nothing to suggest that there was an abuse of discretion or that the District Court erred, for the reasons set forth we will affirm the judgment of conviction and sentence and grant counsel's motion to withdraw.